IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOANTHONY MCGEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:23-cv-02518-L (BT) |
| | § | |
| DOMESTIC RELATIONS OFFICE | § | |
| ADMINISTRATION, et al. | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Joanthony McGee sued Clint Dupew, the Executive Director of the Tarrant County Domestic Relations Office. *See* Compl. (ECF No. 3); Mot. to File Am. Compl. (ECF No. 12 at 1); Am. Compl. (ECF No. 14). He seeks relief under 8 U.S.C. § 1503(a), which allows a national of the United States who has been denied a "right or privilege" by any "department or individual agency, or official thereof, upon ground that he is not a national of the United States" to obtain a judgment declaring that he is in fact a national. *See* ECF No. 3 at 2; ECF No. 14 at 3-4.

McGee did not pay the $402 filing fee or move for leave to proceed *in forma pauperis*. Accordingly, on November 21, 2023, the Court issued a notice of deficiency (NOD) and ordered McGee to either pay the filing fee or move for leave to proceed *in forma pauperis* by December 22, 2023. *See* Ord. (ECF No. 8). The Court warned McGee that failure to comply with the NOD would result in a

recommendation that the complaint be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b). ECF No. 8.

As of January 19, 2024, McGee has not paid the filing fee or moved to proceed *in forma pauperis*; nor has he sought more time to comply. Therefore, the Court should dismiss McGee's case without prejudice under Rule 41(b).

## Legal Standards and Analysis

Rule 41(b) allows a court to dismiss an action sua sponte for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam).

Here, McGee has failed to pay the filing fee or move for leave to proceed *in forma pauperis* despite Court order. Instead, McGee seeks to proceed without

2

prepayment of fees as a seaman under 28 U.S.C. § 1916. *See* Mot. (ECF No. 9). That section is not applicable to McGee. *See Fellows v. Texas*, 2021 WL 4312563, at *3 (N.D. Tex. Aug. 4, 2021), *rec. accepted*, 2021 WL 4310585 (N.D. Tex. Sept. 22, 2021).

Under § 1916, "seamen may institute and prosecute suits and appeals in their own name and for their own benefit for wages or salvages or the enforcement of laws enacted for their health or safety without prepaying fees or costs or furnishing security thereof." 28 U.S.C. § 1916. "'Perhaps the prototypical § 1916 plaintiff is a vessel's crewman who files suit against the vessel and its owners for unpaid wages.'" *Fellows*, 2021 WL 4312563, at *3 (N.D. Tex. Aug. 4, 2021) (citing *Jackson v. United States*, 2016 WL 10536993, at *1 (M.D. Fla. Sept. 21, 2016), *rec. accepted*, 2016 WL 10537595 (M.D. Fla. Dec. 16, 2016) (citing in turn *Araya v. McLelland*, 525 F.2d 1194 (5th Cir. 1976)). And "courts generally allow plaintiffs to proceed as seamen when they allege that some injury occurred while they were working on a seagoing vessel." *Jackson*, 2016 WL 10536993, at *1; *see also Hernandez v. U.S. Lines, Inc.*, 1999 WL 1062463, at *2 (S.D.N.Y. Nov. 18, 1999) (noting that § 1916 "is but one of a number of specific privileges and heightened legal protections provided seamen under Federal law, and is the result of the special solicitude accorded seamen because of their exposure to the 'perils of the sea'"). McGee makes none of those allegations. He may not proceed under § 1916.

McGee has failed to prosecute this case and follow Court orders, which has prevented the case from proceeding. His case should be dismissed without

prejudice under Rule 41(b).[1] *See, e.g.*, *Bohannan v. Redic,* 2023 WL 2346335, at *1 (5th Cir. Mar. 3, 2023) (affirming dismissal of *pro se* prisoner complaint under Rule 41(b) where, after the court entered multiple deficiency orders, plaintiff still failed to provide enough information for the court to evaluate his *in forma pauperis* application); *see also Wildhaber v. United States*, 2020 WL 2544021, at *1 (N.D. Tex. Apr. 20, 2020), *rec. accepted* 2020 WL 2542735 (N.D. Tex. May 19, 2020) ("Because [plaintiff] failed to comply with the orders that he pay the filing fee or file an IFP application with a certificate of inmate trust account, and has not otherwise responded to it, this case should be dismissed.").

But, if, during the time to object to these findings, conclusions, and recommendation (FCR), McGee decides to comply with the NOD by either paying the filing fee or filing a proper *in forma pauperis* application, the Court will withdraw this FCR.

---

[1] A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons,* 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal without prejudice will be treated as a dismissal with prejudice if it operates as a dismissal with prejudice because of the applicable statute of limitations. *Id.* And a dismissal with prejudice is "appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Id.* (citing *Burden v. Yates,* 644 F.2d 503 (5th Cir. 1981)). Section 1503(a)—which appears to be the source of McGee's sole claim—requires any action to be brought within five years of the administrative denial of the right or privilege at issue. McGee claims that the denial of his right or privilege as a national occurred on September 12, 2023. Proposed Am. Compl. (ECF No. 12-1 at 1). Therefore, a dismissal without prejudice would not preclude McGee from raising his claim later, and the Court need not employ lesser sanctions before dismissing this case without prejudice.

**Pending Motions**

McGee has filed several motions, including motions to amend his complaint (ECF No. 12), to proceed as a seaman (ECF No. 9), to "correct clerical error in judgment" (ECF No. 15), and for the entry of a default (ECF No. 16).

If the Court accepts this FCR, these motions should be denied as moot.

**Recommendation**

The Court should dismiss McGee's case without prejudice under Rule 41(b) and deny his pending motions unless he pays the filing fee or submits a proper motion for leave to proceed *in forma pauperis* within the time to object to this FCR.

Signed January 19, 2024.

                                              REBECCA RUTHERFORD
                                              UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).