IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOANTHONY MCGEE**, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:24-cv-00312-L (BT) |
| **DOMESTIC RELATIONS OFFICE ADMINISTRATION, et. al**, | § § § § | |
| Defendants. | § § | |

**ORDER**

Before the court are: (1) the Findings, Conclusions and Recommendation of the United States Magistrate Judge Rebecca Rutherford ("First Report") (Doc. 17), filed on January 19, 2024; and (2) the Findings, Conclusions and Recommendation of the United States Magistrate Judge Rebecca Rutherford ("Second Report") (Doc. 21), filed on February 29, 2024.

On November 13, 2023, *pro se* Plaintiff Joanthony McGee ("Plaintiff") filed this civil action pursuant to 8 U.S.C. § 1503(a) (Doc. 3). Construing his Complaint (Doc. 1) and Amended Complaint (Doc. 14) liberally, Plaintiff seeks a declaratory judgment confirming that he is an American national and that Defendant Clint Dupew[*], an Executive Director at the Domestic Relations Office Administration, illegally denied his "instrument," resulting in a "certification of dishonor." *See* Am. Compl. 2. Pursuant to Special Order 3, this action was automatically referred to Judge Rutherford (Doc. 1). On November 8, 2023, Judge Rutherford filed an Order and Notice of Deficiency (Doc. 8) instructing Plaintiff to, among other things, pay the statutory filing fee or

---

[*] In some of his pleadings, Plaintiff lists several federal agencies and the Texas Office of the Attorney General as "nonparties." *See, e.g.*, Doc. 3 at 1. He includes no factual allegations against these "nonparties." Therefore, despite the caption, Defendant Clint Dupew is the sole defendant.

Order – Page 1

file a proper request to proceed *in forma pauperis* ("IFP"). On January 19, 2024, Judge Rutherford issued the First Report recommending dismissal of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41") because Plaintiff failed to comply with the court's order instructing him to pay the $402 filing fee or move for leave to proceed IFP. First Report 1-2.

On January 30, 2024, Plaintiff filed an Objection and Offer of Proof (Doc. 18) that he has complied with the court's order. According to the clerk's office, Plaintiff has attempted to pay the filing fee with a foreign check and a check without an account and routing number; however, through Remittance Letters (sent via electronic and first-class mail), it has advised him that it cannot accept the checks provided. Plaintiff, however, argues that he has complied with the court's order because he "objected" to the Remittance Letters. Obj. First Report at 1. On January 30, 2024, Plaintiff also filed a Motion for Leave to Proceed IFP ("Motion") (Doc. 19), stating that he refuses to certify that he lacks the funds to pay the filing fee, but denies having any income, assets, or expenses.

In response to Plaintiff's additional filings, Judge Rutherford issued the Second Report recommending that the court *sua sponte* dismiss this civil action for lack of subject matter jurisdiction, or, alternatively, deny his Motion as deficient and dismiss pursuant to Rule 41 for his failure to comply with the court's order. Sec. Report 2. Specifically, the Second Report concludes that "[l]iberally construing his allegations, [Plaintiff] claims that three federal statutes establish federal question jurisdiction: 8 U.S.C. § 1503(a), 28 U.S.C. § 2201, and 28 U.S.C. § 1916"; however, none of these statutes establish a basis for federal question jurisdiction—"the only kind of jurisdiction that he applies for." *Id.* at 6-7, 9 (citations omitted). In the alternative, the Second Report recommends that the court deny Plaintiff's Motion and dismiss this case unless he pays the full filling fee. *Id.* at 10.

Plaintiff filed Objections to the Second Report (Doc. 22) on March 11, 2024. Liberally construing his objections, Plaintiff argues that the cases cited in the Second Report are "moot" and that the court has jurisdiction pursuant to 8 U.S.C. § 1503(a). Obj. to Sec. Report 3. Plaintiff, however, cites to no authority to support this position and asserts the same disjointed, frivolous statements that he included in his pleadings. *Dilworth v. Dall. Cnty. Cmty. Coll. Dist.*, 81 F.3d 616, 617 (5th Cir. 1996) ("When a plaintiff's complaint is facially frivolous and insubstantial, it is insufficient to invoke the jurisdiction of a federal court.") (citing *Olivares v. Martin*, 555 F.2d 1192, 1195 (5th Cir. 1977)). Further, to have a claim under Section 1503(a) Plaintiff's rights must have been denied "*by any department or independent agency*," not an individual, like Defendant Clint Dupew. 8 U.S.C. § 1503(a) (emphasis added); Sec. Report 8 ("[Section] 1503 does not provide a cause of action against state or local agencies and departments or their employees.") (citations omitted). Therefore, the court concludes that it lacks subject matter jurisdiction. Accordingly, Plaintiff's objection is **overruled**.

Alternatively, even if the court had subject matter jurisdiction, it agrees with the First Report's recommendation and the Second Report's alternative recommendation that this action be dismissed pursuant to Rule 41 because Plaintiff has failed to comply with Judge Rutherford's order and has had ample notice and time to remedy this failure. *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) ("While a court should be 'appropriately lenient' with a party proceeding pro se, the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (citations and quotations omitted)). Simply objecting to the clerk's Remittance Letters is not the same as paying the filing fee, and Plaintiff's Motion is facially deficient due to his refusal to certify that he lacks the funds. Accordingly, any objections to the First Report and Second Report's alternative recommendation are also **overruled**.

Having considered Plaintiff's complaints, the First Report, Second Report, Plaintiff's Objections, Motion, file, and record in this case, the court determines that the magistrate judge's finding and conclusions in the First Report and Second Report are correct and **accepts** them as those of the court. Accordingly, the court *sua sponte* **dismisses without prejudice** this civil action for lack of subject matter jurisdiction.

**It is so ordered** this 30th day of April, 2024.

Sam A. Lindsay
United States District Judge